**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOWARD JOHNSON COMPANY, d/b/a Howard Johnson Distribution Center, Respondent.**

No. 80–2004

Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 17, 1981.

Elliott Moore, Karen J. Ward, Deputy Assoc. Gen. Counsels, N. L. R. B., Washington, D. C., for petitioner.

Richard A. Gaucher, and Kevin B. Callanan, Braintree, Mass., Sam A. LeBlanc, III, and D. Michael Dendy, New Orleans, La., for Howard Johnson Co.

W. Edwin Youngblood, Dir., Region 16, N. L. R. B., Fort Worth, Tex., for other interested parties.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

National Labor Relations Board (NLRB), pursuant to § 10(e) of the National Labor Relations Act (Act), as amended (29 U.S. C.A. § 151, *et seq.*), seeks enforcement of its order issued on July 9, 1980 against Howard Johnson Company, d/b/a Howard Johnson Distribution Center (Company). The Board found in agreement with the Administrative Law Judge that the Company had violated § 8(a)(3) and (1) of the Act by refusing to follow its established practice of granting annual wage increases to its employees at its Arlington, Texas facility because they unanimously selected the Union as their bargaining representative in a Board election.

The Board ordered the Company to cease and desist from refusing to grant the wage increases which would otherwise have been granted in April 1979 to its employees at the Arlington, Texas facility. Affirmatively, the order requires the Company to pay retroactively to its employees at this facility whose wage rates that would otherwise have been put into effect in April 1979, absent its unfair labor practice, and to post an appropriate notice.

■ Finding substantial evidence in the record to support the Board's decision and order, we order enforcement. *NLRB v. United Insurance Company*, 390 U.S. 254, 88 S.Ct. 988, 19 L.Ed.2d 1083 (1968). It is well settled that an employer violates § 8(a)(3) and (1) of the Act by refusing to grant its employees wage increases previously and customarily granted in the past in retaliation for their selection of a union in a Board election. *See, e. g., NLRB v. Zelrich Co.*, 344 F.2d 1011, 1014 (5th Cir. 1965); *NLRB v. Great Atlantic and Pacific Tea Co.*, 409 F.2d 296, 298 (5th Cir. 1969); *Russell-Newman Manufacturing Co. v. NLRB*, 406 F.2d 1280, 1282–83 (5th Cir. 1969); *NLRB v. Dothan Eagle*, 434 F.2d 93, 97 (5th Cir. 1970); *NLRB v. Laredo Coca Cola Bottling Co.*, 613 F.2d 1338 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 246, 66 L.Ed.2d ——. Substantial evidence supports the Board's findings that the Company here (i) had an established past practice of granting annual wage increases to its employees every April and (ii) withheld the annual wage increase due in April 1979 because its employees chose the Union as their bargaining representative. These findings are based upon uncontradicted evidence since the Company offered no evidence in its own behalf.

■ The Company now raises two arguments for its actions. First, it argues without any record proof that the previous annual raises may have been due to a policy of anniversary raises—that is, raises granted annually on the anniversary date of the hiring of each employee. This argument— and that is all it is since the Company offered no proof on it—is not convincing. Second, the Company argues that it withheld the 1979 raises because it feared an unfair labor practice charge if it granted the raises. This argument ignores the well settled principle that an employer runs the risk of violating the Act when it unilaterally *changes* the terms of employment.

> The cases make it crystal clear that the vice involved in both the unlawful increase situation and the unlawful refusal to increase situation is that the employer has *changed* the existing conditions of employment. It is this change *which is prohibited and which forms the basis of the unfair labor practice charge.*

*NLRB v. Dothan Eagle*, 434 F.2d at 98.

■ In response to the Company's challenge attacking the Judge's credibility resolutions, we repeat as we have so often in the past that we do not reweigh the Board's credibility determinations. *NLRB v. Standard Forge and Axle Co.*, 420 F.2d 508, 510 (5th Cir. 1969), *cert. denied*, 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 140 (1970). The

Board, affirming the Administrative Law Judge, with ample warrant credited the testimony of the witnesses that the Company had a policy of granting annual raises to its employees every April and that none of the employees had received the annual raise since the Union election.

That is the end of it.

ENFORCED.